IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALLACE FITES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0559-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Wallace Fites, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to burglary of a building and was sentenced to 10 years confinement. No appeal was taken. Nor did petitioner challenge his conviction on collateral review in state court. Instead, he filed this action in federal court seeking habeas relief pursuant to 28 U.S.C. § 2254.

II.

Although his pleadings are difficult to decipher, it appears that petitioner is challenging the validity of his guilty plea and the calculation of his sentence. He also claims actual innocence.

By order dated July 7, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner

addressed the limitations issue in a written response filed on July 17, 2006. The court now determines that this case should be dismissed on limitations grounds.[1]

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*,

---

[1] It is apparent from the pleadings that petitioner has failed to exhaust his state remedies. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Crane v. Cockrell*, No. 3-01-2165-D, 2002 WL 31780861 at *2 (N.D. Tex. Dec. 5, 2002).

119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years in prison for burglary of a building. Judgment was entered on March 15, 2000 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on April 14, 2000. *See* TEX. R. APP. P. 26.2. Petitioner did not file an application for state post-conviction relief. Instead, he filed this action in federal court on March 23, 2006.

The AEDPA statute of limitations started to run on April 14, 2000 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited nearly *six years* before seeking federal habeas relief. In an attempt to excuse this delay, petitioner cites to his "lack of education concerning the law or any other education dealing with everyday life." (Pet. Resp. at 1). Lack of education and ignorance of the law are not "rare and exceptional" circumstances that merit equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (unfamiliarity with legal process, illiteracy, and lack of representation do not merit equitable tolling). Nor is equitable tolling permitted merely because petitioner believes he is innocent. *See Felder*, 204 F.3d at 171; *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006) (Kaplan, J.). Without a sufficient basis for tolling the AEDPA statute of limitations, this case is time-barred.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

-3-

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE